UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
Alexandria Division

| | |
|---|---|
| DESELLE VOLSON | CIVIL ACTION NO. |
| VERSUS | JUDGE |
| U.S. DEPARTMENT OF VETERANS' AFFAIRS | MAGISTRATE JUDGE |

COMPLAINT FOR DAMAGES
WITH DEMAND FOR JURY TRIAL

Plaintiff, DESELLE VOLSON, sets forth her claims for relief as follows:

1.

Jurisdiction of this court is invoked pursuant to 28 USC 1331; 42USC§2000 et seq, Title VII of the 1964 Civil Rights Act; the Fourteenth Amendment to the U.S. Constitution; and Article 5 of the Constitution of the United States for deprivation of liberty and property interests without due process of law.

2.

Plaintiff, DESELLE VOLSON, at all material times herein was a Black female disabled veteran employed by the U.S. DEPARTMENT OF VETERANS' AFFAIRS as *Medical Support Assistant* for the *Alexandria VA Health Care System*, Alexandria, Louisiana

3.

Defendant, U.S. DEPARTMENT OF VETERANS' AFFAIRS, is an agency of the United states Government, engaged in an industry affecting commerce. Unlawful employment practices alleged herein were committed by the agents of Defendant in the Western District of Louisiana.

4.

On or about May 31, 2016, Plaintiff was hired at the *Alexandria VA Medical Center*, and assigned to work in the *Call Center*, to answer telephone calls and schedule appointments for veterans at the clinic.

5.

Within days of her employment, Plaintiff's co-workers began making derogatory statements about her status as a disabled veteran; teasing and harassing her about her habits; constantly reporting her to her supervisor; her supervisor stated that she was emotional and yelling; and that she threatened to kill her supervisor.

6.

Plaintiff requested and received an accommodation of a headset amplifier, footrest and heater for her disabilities, which was granted on or about August 10, 2016.

7.

As a probationary employee, Plaintiff was given a 90 day assessments in November 2016 that evaluated her as "outstanding."

H8.

Plaintiff requested and received a second accommodation for her disabilities for additional breaks during her shift due to  migraine headaches,  which was granted on or about December 1, 2016 .

9.

As the harassment by her co-workers continued, on March 3, 2017, Plaintiff emailed her supervisor and EEO about the hostile work environment..

10.

On March 7, 2017 Plaintiff requested a change of schedule to be removed from her hostile environment and made an appointment with the agency EEO officer to discuss it.

11.

Instead of removing her from her hostile environment, Defendant began to create a record

of unsatisfactory performance, and used it as a basis to terminate Plaintiff from employment one week after her last request for an accommodation.

12.

On March 17, 2017, Plaintiff was given a letter of termination from Defendant for excessive absences, effective immediately.

13.

Approximately two weeks later, Plaintiff received a letter from Defendant dated March 29, 2017, that rescinded the prior letter of termination, but now terminated her for failure to follow her supervisor's instructions, which were never identified or specified.

14.

On or about April 25, 2017, Plaintiff filed a formal complaint of discrimination for harassment she endured at the workplace.

15.

Defendant has discriminated against Plaintiff due to her disability in violation of Title VII which prohibits discrimination based on disability.

16.

Defendant terminated Plaintiff's employment after she complained of her maltreatment, in violation of Title VII which prohibits reprisal for asserting federally protected rights.

17.

A hearing was held before the EEO Administrative Law Judge on September 11, 2018, with a decision in favor of the agency issued September 13, 2018.

18.

Plaintiff shows that the conduct of proceedings before the EEO Administrative Law

Judge denied her due process, and was abusive and prejudicial in favor of the agency in the following manner:

A. The ALJ constantly pressured Plaintiff to dismiss her claims.

B. The ALJ constantly threatened to remand the case to the agency for determination, even though this proceeding was filed on appeal from the agency's decision.

C. The ALJ refused to allow Plaintiff's key witnesses for the hearing, including those persons who had authority to terminate her employment.

D. Refusal to allow motions to compel discovery for employment records not provided by the agency.

E. Refusal to accept Plaintiff's objections to agency recommended stipulations of disputed facts, such as her termination date and the reasons for her termination.

F. Attempts to force Plaintiff to settle her claims for the minimum valuation, less than her lost wages.

G. Limiting the scope of Plaintiff's complaints to the 2 weeks prior to her termination.

H. Excessive control of witness testimony by the ALJ through leading questions and interruption of witness testimony.

I. The appearance of impropriety by having the agency attorney sitting adjacent to the ALJ at anotherlocation, but out of sight during video proceedings.

19.

Defendant U.S. DEPARTMENT OF VETERANS' AFFAIRS denied Plaintiff due process; and deprived her of her liberty and property rights by manipulating and falsifying records in the following manner:

A. By revising performance evaluation reports using strike-throughs to lower Plaintiff's

evaluation to "fully successful" without prior notice to her.

B. Failure to provide evidence favorable to Plaintiff such as the telephone test that confirmed that Volson did not improperly transfer calls as alleged.

C. By issuing two separation letters stating two different reasons for her termination without an opportunity for Plaintiff to oppose the reasons stated.

D. Failure to provide evidence favorable to Plaintiff; including records of dropped calls by her co-workers.

E. Failure to provide confirmation logs of telephone activity requested through discovery.

F. Failure to follow agency procedures for disciplinary procedures; instead using emails to self and to other employees as support for allegations of wrongdoing against Plaintiff.

20.

The final agency decision issued September 21, 2018; and this suit is filed within 90 days of the final agency decision.

21.

As a result of the unlawful acts of Defendant, Plaintiff has suffered damages and she seeks lost wages and lost benefits with interest; liquidated damages equal to the amount of wages and benefits lost plus interest; reasonable attorney fees; and all costs of prosecution of this claim.

22.

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays that this court:

G) Order Defendant by mandatory injunction to enjoin from engaging in the above unlawful employment practices and take such affirmative actions as are necessary to assure that the effects of said violations are eliminated;

B)   Order Defendant to compensate Plaintiff with back pay and compensatory, punitive, and liquidated damages for the losses she sustained by reason of its violations;

C)   Order Defendant to pay Plaintiff's costs in this action, including reasonable attorney fees; and

(D)   Order all general and equitable relief as the Court deems necessary or proper.

              S/DIANNE HILL
               DIANNE HILL (14992)
               ATTORNEY AT LAW
                1401 Hudson Lane Ste 137
                MONROE, LA 71201
                (318) 325-6398

SERVICE:
1)   U.S. DEPARTMENT OF VETERANS' AFFAIRS
     Robert Wilkie, Secretary
     810 Vermont Avenue, NW
     Washington DC 20420

2)   U.S. Attorney Western District of Louisiana
     David C. Joseph
     800 Lafayette Street, Suite 2200
     Lafayette, LA  70501

3)   US Attorney General
     Matthew G. Whitaker
     U.S. Department of Justice
     950 Pennsylvania Avenue, NW
     Washington, DC 20530-0001